UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HUCKER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER DAUB, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-00577-JLS-AHG<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND THE FACT DISCOVERY DEADLINE**<br><br>**[ECF No. 31]** |

Before the Court is Defendants' *Ex Parte* Application to Modify the Scheduling Order. ECF No. 31. Defendants seek to continue the fact discovery cutoff by approximately 60 days, to June 30, 2022, regarding specific discovery requests. *Id*.

Parties seeking to modify the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 26 at ¶ 18 (operative scheduling order, stating that "[t]he dates and times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to

amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). A "party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The deadline to complete fact discovery in this matter was May 2, 2022. ECF No. 26 at ¶ 2. In the instant motion, Defendants represent to the Court that, due to routine problems with the mailroom at RJD, Plaintiff never received Defendant Sharp's interrogatories or requests for production, although they were sent on March 30 and received by the prison mailroom on April 4. ECF No. 31-1 at 2. Thus, Defendants seek to "extend the fact discovery deadline to June 30, 2022, for the limited purpose of Defendant Sharp [re]serving, and Plaintiff responding to, Defendant Sharp's interrogatories and requests for production of documents." ECF No. 31 at 3; ECF No. 31-1 at ¶ 2.

Upon consideration of the papers submitted, and good cause appearing, the Court **GRANTS** the motion as follows:

1. **May 2, 2022** *remains* the deadline for completion of fact discovery, except for the following:

   a. The deadline is extended to **June 30, 2022** for the limited purpose of Defendants re-serving, and Plaintiff responding to, Defendant Sharp's Interrogatories and Requests For Production, which were originally attempted to be served on March 30, 2022.

2. All other dates, deadlines, procedures, and requirements set forth in the Court's November 10, 2021 Scheduling Order (ECF No. 26) **remain in place**, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated: June 1, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge