UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HUCKER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER DAUB, et al.,<br><br>　　　　　　Defendants. | Case No.: 3:21-cv-00577-RSH-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 34]** |

Before the Court is Defendants' *Ex Parte* Application to Modify the Scheduling Order. ECF No. 34. Defendants seek to continue the fact discovery cutoff by approximately 75 days, to September 13, 2022, regarding specific discovery requests. *Id*. Defendants also seek to continue all other remaining case management deadlines, except the August 1 expert discovery cutoff. *Id*.

Parties seeking to modify the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 26 at ¶ 18 (operative scheduling order, stating that "[t]he dates and

times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). A "party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The deadline to complete fact discovery in this matter was May 2, 2022. ECF No. 26 at ¶ 2. In light of routine problems with the mailroom at RJD, the Court extended the deadline to June 30, 2022, for Defendant to re-serve, and for Plaintiff to respond to, Defendant Sharp's discovery requests. ECF No. 32 at 2. In the instant motion, Defendants represent to the Court that, due to inmate movement being restricted as part of new COVID-19 safety protocols, Plaintiff has not been able to access the law library or respond to Defendant Sharp's interrogatories or requests for production. ECF No. 34-1 at ¶¶ 2–4; ECF No. 34 at 2. Thus, Defendants seek to "extend the fact-discovery deadline by seventy-five days, to September 13, 2022, for the limited purpose of Plaintiff responding to Defendant Sharp's interrogatories and requests for production of documents. Moreover, because Plaintiff's discovery responses will be due less than a month before the October 7, 2022 pretrial-motion filing deadline, [Defendants also seek] to extend all remaining deadlines in the scheduling order (except for the deadline to complete expert discovery) by seventy-five days to allow Defendants sufficient time to review the discovery before filing a summary-judgment motion." ECF No. 34 at 3; ECF No. 34-1 at ¶¶ 4–5.

Upon consideration of the papers submitted, and good cause appearing, the Court **GRANTS** the motion as follows:

1. **May 2, 2022** *remains* the deadline for completion of fact discovery, except for the following:

    a. The deadline is extended to **September 30, 2022** for the limited purpose of Plaintiff responding to Defendant Sharp's Interrogatories and Requests For Production, which were originally attempted to be served on March 30, 2022 and re-served on May 27, 2022.

1. All expert discovery shall be completed by all parties by **August 1, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

2. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

3. All other pretrial motions must be filed by **November 18, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion (*e.g., for a Motion for Summary Judgment, counsel would obtain a hearing date from Magistrate Judge Allison H. Goddard's law clerk, since Judge Goddard would be issuing the Report and Recommendation on the motion*). The period of time between the date you request a motion date and the hearing date may vary from one judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

4. A Mandatory Settlement Conference shall be conducted on **February 8, 2023** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard**.

    a. Defendant's counsel must provide Plaintiff with her mailing address by **December 28, 2022**. Plaintiff must serve on Defendant a **written** settlement proposal, to the mailing address provided, which must include

a specific demand amount, no later than **January 10, 2023**. Defendant must respond to Plaintiff **in writing** with a specific offer amount by **January 20, 2023**. The parties **should not file** or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. The Court waives its meet and confer requirement for this MSC.

b. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **February 1, 2023**. Defendant's Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Plaintiff's Statement may be mailed to:

**Chambers of Magistrate Judge Allison H. Goddard**
**221 West Broadway, Suite 3142**
**San Diego, California 92101**

The substance of the Settlement Conference Statement must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules (located at located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf and attached to this Order for Plaintiff's convenience). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **February 1, 2023**. Defendant's Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Plaintiff may mail his Letter to the address provided above. Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules (located at

the link above and attached to this Order for Plaintiff's convenience).

  c. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard** (attached hereto), except as explicitly modified by this order.

5. Both parties shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **July 6, 2023**.

6. Both parties shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 6, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

7. Both parties shall meet and take the action required by Local Rule 16.1(f)(4) by **July 13, 2023**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8. Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **July 20, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

9. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 27, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

10. The final Pretrial Conference is scheduled on the calendar of the **Honorable Robert S. Huie** on **August 3, 2023** at **1:30 p.m.**

11. The parties must review the chambers' rules for the assigned magistrate judge.

12. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: July 21, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

# ATTACHMENTS:

**CIVIL PRETRIAL PROCEDURES ("CHAMBERS RULES") FOR MAGISTRATE JUDGE ALLISON H. GODDARD**

and

**MANDATORY SETTLEMENT CONFERENCE REQUIREMENTS FOR MAGISTRATE JUDGE ALLISON H. GODDARD**

# CIVIL PRETRIAL PROCEDURES
## MAGISTRATE JUDGE ALLISON H. GODDARD
*(Updated 5/27/2021)*

The Court provides this information for general guidance to counsel and litigants. The Court may modify these procedures as appropriate in any case upon request or on its own.

**Civility and Professionalism.** All counsel who appear before the Court must review CivLR 2.1 and, at all times, act in compliance with the Code of Conduct set forth in that rule.

**Communications with Chambers.** Counsel may communicate with the Court by emailing efile_goddard@casd.uscourts.gov. This is a privilege that may be terminated at the Court's discretion in the event of excessive or inappropriate email communications. Attorneys who have appeared in the case may contact the Court by telephone for non-substantive matters such as scheduling and calendaring. Court personnel are prohibited from giving legal advice or discussing the merits of a case.

**Early Neutral Evaluation Conferences.** The Court will schedule an ENE at the outset of the case, typically after all parties have answered. The ENE is informal and confidential. Counsel must carefully review the order scheduling the ENE for more information, including directions regarding briefing and requirements for personal attendance by the parties.

**Case Management Conferences**. The Court typically conducts the CMC required under Fed. R. Civ. P. 16 and CivLR 16.1 immediately following the ENE if no settlement is reached. Prior to the initial CMC, the parties must lodge a Joint CMC Statement with the Court at efile_goddard@casd.uscourts.gov that complies with the Court's Requirements for Joint Case Management Statements (https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf). The Court may schedule additional status conferences following the initial CMC. The parties are not required to file a joint report in advance of a status conference unless specifically ordered by the Court.

**Scheduling Order**. The Court will issue a Scheduling Order following the CMC. Modification of the Scheduling Order requires the approval of the Court, which will only be granted on a showing of good cause.

**Experience Opportunities for Attorneys With Fewer Than Ten Years of Practice**. The Court encourages parties to allow attorneys with fewer than ten years of experience to argue matters before the Court. To that end, the Court will hold a hearing (either remotely

or in person, at the Court's discretion) on any motion if one party notifies the Court in advance that an attorney with fewer than ten years of experience will be arguing at least a portion of the motion on behalf of that party. The party will be able to have more than one attorney argue their side of the motion if one of the attorneys arguing has fewer than ten years of experience.

**Remote Appearances**. The Court will notify the parties if any hearing or conference will take place by telephone or videoconference, and provide directions for connection. Counsel should appear and conduct themselves during any remote appearance as if they are present in the courtroom, including avoiding extraneous background noise, ensuring a clear connection, and dressing in appropriate courtroom attire.

**Motions to Seal**. There is a presumptive right of public access to court records based upon common law and the First Amendment. The Court will scrutinize any request to file information under seal, and a request will only be granted if a specific showing is made that justifies sealing. Generic and vague references to "competitive harm" will almost always be insufficient to justify sealing.

**Joint Motions**. Any administrative request to the Court (i.e., extension of time, continuance of ENE, etc.) should be made to the Court by joint motion. If only one party is making the request and the other party or parties do not oppose, they should indicate that in the joint motion. If the other party or parties oppose the request, they should set forth their position in the joint motion. *Ex parte* applications are disfavored, and any unopposed request should be filed as a joint motion rather than an *ex parte* application. Counsel who force an *ex parte* application by refusing to participate in the filing of a joint motion will be subject to sanctions.

**Requests for Continuances**. All requests for continuances must be made by a joint motion no less than seven calendar days before the affected date. The request must state:
1. The original deadline or date;
2. The number of previous requests for continuances;
3. A showing of good cause for the request;
4. Whether the request is opposed and why;
5. Whether the requested continuance will affect other case management dates; and
6. A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.
7. Should the parties request a continuance based on the plan to pursue private mediation, in addition to the joint motion outlined above, the parties shall also lodge (not file) a Joint Mediation Plan via email at

efile_goddard@casd.uscourts.gov on the same date they filed the joint motion. The joint plan must state:

    A. The firm date of mediation;
    B. The identity of the mediator;
    C. A complete list of informal discovery the parties agree to exchange before mediation; and
    D. A firm deadline by which the parties will exchange the informal discovery.

**Discovery Disputes**. The parties must meet and confer in an attempt to resolve any discovery disputes before contacting the Court. After meet and confer attempts have failed, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov seeking a conference (either by telephone or videoconference) with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email.

No discovery motion may be filed until the Court has conducted its pre-motion conference, unless the movant has obtained leave of Court. The Court may strike any discovery motion that is filed without complying with this process.

The Court encourages parties to allow attorneys with fewer than ten years of experience to argue a discovery dispute during the pre-motion conference. The Court will allow multiple attorneys for a party to be heard on a dispute if at least one of the attorneys has fewer than ten years of experience.

This process does not apply where a party is in custody and is proceeding *pro se*. In that case, counsel may contact chambers by telephone to obtain a hearing date on a noticed discovery motion.

If a dispute arises during the course of a deposition, counsel must meet and confer prior to seeking any ruling from the Court. After meet and confer attempts have failed, counsel may call chambers to seek a ruling. If the Court is unable to review the matter at that moment, counsel should proceed with the deposition in other areas of inquiry and the Court will respond as soon as practicable.

**Deadline to Raise Discovery Disputes With the Court**. The parties must bring any discovery dispute to the Court's attention (either by email or filing a motion as outlined above) no later than 45 days after either (1) the date of service of the written discovery response that is in dispute; or (2) the date that the portion of the deposition transcript in

dispute is completed. Failure to meet this deadline will bar a party from filing a corresponding discovery motion. The parties must file a joint motion demonstrating good cause if they seek to extend this deadline. The parties cannot extend this deadline by any agreement that is not approved by the Court.

**Stipulated Protective Orders**. Any protective order submitted for the Court's signature must contain the following two provisions:

1. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

2. The Court may modify the protective order *sua sponte* in the interests of justice or for public policy reasons.

The Court recommends that the stipulated protective order contain a provision regarding the disposition of confidential or sealed documents and information after the case is closed.

All stipulated protective orders must be filed as a joint motion. The parties must email a copy of the proposed order in Word format to efile_goddard@casd.uscourts.gov.

**Notice of Settlement**. If the parties reach a settlement, counsel must promptly file a Notice of Settlement or an appropriate Motion to Dismiss. If a scheduled date with the Court is imminent, counsel must also contact chambers to advise of the settlement. Once a Notice of Settlement is filed, the Court will schedule a telephonic Settlement Disposition Conference, which will be taken off calendar once the case has been dismissed.

# MANDATORY SETTLEMENT CONFERENCE REQUIREMENTS FOR MAGISTRATE JUDGE ALLISON H. GODDARD

1. **Discovery**: Counsel shall ensure that any discovery necessary to evaluate the case for settlement purposes is completed by the date of the Settlement Conference. Counsel shall cooperate in providing discovery informally and expeditiously.

2. **Plaintiff Must Make a Formal Settlement Proposal**: No later than 21 days before the conference, the plaintiff must serve on the defendant a written settlement proposal, which must include a specific demand amount. The defendant must respond to the plaintiff in writing with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

3. **Who Must Attend**: Lead trial counsel shall appear at the conference with the parties. Any party who is not a natural person shall be represented by the person(s) with full authority to negotiate a settlement. An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. A person who needs to call another person who is not present before agreeing to any settlement does not have full authority. Personal attendance of a party is mandatory and will only be excused upon a written request that is timely under the circumstances and demonstrates extraordinary hardship.

4. **Meet and Confer Requirement**: Counsel for the parties must meet and confer (in person or by phone, not by email) to discuss the following matters no later than 14 days before the Settlement Conference:

    A. Who will attend the conference on behalf of each party, including counsel, client representatives with full authority to make final decisions regarding any settlement offer, and any insurance representatives.

    B. Identification of any persons or entities, such as a board of directors, who must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

    C. Insurance coverage available to cover all or part of the claimed losses or to fund all or part of any party's defense, and status of any tenders for coverage.

5. **Settlement Conference Statements and Confidential Settlement Letters**: Each

party shall prepare a Settlement Conference Statement that will be exchanged with the other parties. Each party may also prepare an optional Confidential Settlement Letter that will be for the Court's review only. Both the Statement and the Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed), and must be received no later than 10 calendar days prior to the conference. The Settlement Conference Statement must be served on opposing counsel.

6. **Contents of Settlement Conference Statement**: The Settlement Conference Statement shall not exceed 10 pages of text and 20 pages of exhibits. Exhibits must be bookmarked within the .pdf file. The Settlement Conference Statement shall include the following:

   A. <u>Substance of the Suit</u>

      i. A brief statement of the facts of the case.

      ii. The claims and defenses, including the statutory or other grounds upon which the claims are founded.

      iii. A summary of the proceedings to date, including a list of the motions previously made, their dispositions, and any pending motions.

      iv. A statement of facts not reasonably in dispute.

      v. A list of the key facts in dispute and the specific evidence relevant to a determination of those facts.

      vi. Any discrete issue that, if resolved, would facilitate the resolution of the case.

      vii. A brief statement of the issues of law with respect to liability and damages. The statement must be supported by legal authority, but extended legal argument is not necessary.

   B. <u>Relief Sought</u>. A statement of the relief sought, including an itemization of damages and any other non-monetary relief.

   C. <u>Settlement Discussions/Proposal and Response</u>. Except to the extent prohibited by applicable rules of privilege, describe the history and status of any settlement negotiations.

7. **Additional Settlement Information**: The parties must submit the additional information below either in the Settlement Conference Statement or the Confidential Settlement Letter. The Confidential Settlement Letter may not exceed 5 pages of text.

  A. <u>Settlement Analysis</u>:

    i. For each principal claim and defense, a forthright evaluation of the strengths, weaknesses, likelihood of prevailing, and key legal authorities.

    ii. The party's perspective regarding why parties' assessments of the settlement value of the case differ.

  B. <u>Litigation Costs</u>: A statement of litigation costs and attorney fees incurred to date, as well as the estimated costs, fees, and time projected for further discovery, pretrial proceedings, and trial. If a party seeks attorney fees and costs, that party shall provide the legal basis for the claim and sufficient information to evaluate the amount of fees claimed.

  C. <u>Other Information</u>: Include any other information that might be pertinent to settlement, including the following:

    i. What needs of your client must be met for the parties to reach a settlement?

    ii. What needs of the opposing party must be met to reach a settlement?

    iii. A description of the main obstacles (factual, legal, or other) to reaching agreement, and what might be done to solve them.

    iv. Do you have enough information to discuss settlement and, if not, what additional information is needed?

    v. What are the consequences to each side if no settlement is reached?

  D. A realistic settlement figure or terms that, given all the circumstances, the party submitting the Confidential Settlement Letter would consider

seriously.

E. Where the party is insured or is a governmental entity, any foreseeable barriers to insurance coverage or approval of a proposed settlement, or special concerns that the insurer or governmental entity might want addressed.

**8. Further Settlement Conferences:**

A. <u>Updated Statements</u>: Unless explicitly relieved of this requirement, the parties shall lodge updated Settlement Conference Statements 10 days prior to the further Settlement Conference, in accordance with Sections 6 and 7, to inform the Court of the status of the action and any developments that have occurred since the last Settlement Conference.

B. <u>Confidential Settlement Letters</u>: The parties may also lodge updated Confidential Settlement Letters in accordance with Section 7.

**9. Notification of Settlement**: If the case settles prior to the Settlement Conference, the parties shall immediately file a notice of settlement and notify Judge Goddard's chambers at efile_goddard@casd.uscourts.gov.

**10. Confidentiality:** Parties are encouraged to discuss their case in a respectful and candid manner. To facilitate this, any statements made during the conference will not be admissible at trial.